```
Nicholas L. Wallace, WSBA #26157        THE HONORABLE EDWARD F. SHEA
SCHULTHEIS TABLER WALLACE
56 C Street NW
P. O. Box 876
Ephrata, WA 98823
(509) 754-5264
Attorneys for Defendant
Estate of Roger R. Hoose
```

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KATHY GRIFFEN and WILMA HOOSE, Co-Personal Representatives of the ESTATE OF ROGER R. HOOSE, and CATHLEEN M. McCALL,<br><br>Defendants. | Civil Action No.<br>CV-08-375-EFS<br><br>DEFENDANT ESTATE OF ROGER R. HOOSE'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

## I.
## INTRODUCTION

Roger R. Hoose purchased a life insurance policy (LF-1352-5503). Following Roger R. Hoose's death, the Estate of Roger R. Hoose ("Estate") and

his former wife, Cathleen McCall, both claimed to be entitled to the life insurance policy proceeds.

In response to the competing claims, State Farm Insurance Company ("State Farm") commenced this interpleader action.

The matter is now before the court for hearing on the Estate's motion for summary judgment.

## II.
## STATEMENT OF CASE

On or about May 30, 1987, Roger R. Hoose married Cathleen M. McCall. (Statement of Undisputed Facts, paragraph 1).

Seven years after marrying Ms. McCall, Roger Hoose purchased a life insurance policy from State Farm. On or about May 5, 1994, State Farm issued life insurance policy LF-1352-5503 to Roger R. Hoose. The policy provided a death benefit in the amount of $100,000.00. (Statement of Undisputed Facts, paragraph 2).

At the time the policy issued, Roger R. Hoose named his then wife, Cathleen McCall, as his primary beneficiary and the Estate of Roger R. Hoose as the successor beneficiary. (Statement of Undisputed Facts, paragraph 3).

DEFENDANT, ESTATE OF ROGER R. HOOSE'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 2
F:\Clients\G - H\Hoose, Roger R\Probate of Estate W1646\US District Court CV-08-375-EFS - NLW\Pl, Memorandum of Authorities.doc

SCHULTHEIS TABLER WALLACE
P.O. BOX 876   56 C STREET N.W.
EPHRATA, WASHINGTON 98823
TELEPHONE (509) 754-5264
FAX (509) 754-5835

Roger R. Hoose and Cathleen McCall subsequently divorced in 1999. On or about March 16, 1999, the Thurston County Superior Court entered a Decree of Dissolution in which it awarded Roger R. Hoose any and all interest in insurance policies in his name. (Statement of Undisputed Facts, paragraph 4). The Thurston County Superior Court subsequently entered an Amended Decree of Dissolution. (Statement of Undisputed Facts, paragraph 5). The Amended Decree awarded Roger R. Hoose any and all interest in insurance policies in his name.

Following the dissolution of his marriage, Roger R. Hoose failed to change the primary beneficiary designation on his life insurance policy to someone other than this ex-wife. (Statement of Undisputed Facts, paragraph 5).

Roger R. Hoose died on July 18, 2008. (Statement of Undisputed Facts, paragraph 6). The sum of $100,000.00 is now payable under the terms of LF-1352-5503. (Statement of Undisputed Facts, paragraph 6).

After both the Estate and Defendant Cathleen McCall claimed entitlement to the $100,000.00 death benefit State Farm commenced this interpleader action.

//

//

//

DEFENDANT, ESTATE OF ROGER R. HOOSE'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 3
F:\Clients\G - H\Hoose, Roger R\Probate of Estate W1646\US District Court CV-08-375-EFS - NLW\Pl,
Memorandum of Authorities.doc

SCHULTHEIS TABLER WALLACE
P.O. BOX 876   56 C STREET N.W.
EPHRATA, WASHINGTON 98823
TELEPHONE (509) 754-5264
FAX (509) 754-5835

III.
AUTHORITIES/ARGUMENT

A. **Summary Judgment Is Appropriate**

A motion for summary judgment is appropriate whenever the pleadings, depositions and other records on file, together with any affidavits submitted with the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. CR 56; *Teagle v. Fischer & Porter Co.*, 89 Wn.2d 149, 570 P.2d 438 (1977). An issue of material fact is one upon which the outcome of the litigation depends. *West Coast Stationary v. Kennewick*, 39 Wn. App. 466, 694 P.2d 1101 (1985).

Once a moving party makes a showing that it is entitled to a judgment, the opposing party must come forward with specific facts to establish the existence of a genuine issue. *Bankhead v. City of Tacoma*, 23 Wn. App. 631, 597 P.2d 920 (1979); *Dwinnell's Central Neon v. Cosmopolitan Chinook Hotel*, 21 Wn. App. 929, 587 P.2d 191 (1978). The non-moving party must not rest upon allegations in the pleadings, but must set forth specific issues of fact upon which that party opposes the motion. *Moore v. Pay 'n Save Corp.*, 20 Wn. App. 482, 581 P.2d 159 (1978). A mere assertion of an unresolved factual question is not sufficient to defeat a motion for summary judgment. *Jacobsen v. State*, 89 Wn.2d 104, 569

DEFENDANT, ESTATE OF ROGER R. HOOSE'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 4
F:\Clients\G - H\Hoose, Roger R\Probate of Estate W1646\US District Court CV-08-375-EFS - NLW\Pl, Memorandum of Authorities.doc

SCHULTHEIS TABLER WALLACE
P.O. BOX 876   56 C STREET N.W.
EPHRATA, WASHINGTON 98823
TELEPHONE (509) 754-5264
FAX (509) 754-5835

P.2d 1152 (1977). A party facing a motion for summary judgment cannot rely upon speculation to meet contrary facts. *Kyreacos v. Smith*, 89 Wn.2d 425, 572 P.2d 723 (1977).

Here, there are no genuine issues of material fact in dispute, and as a matter of law, the Estate is entitled to receive the $100,000.00 State Farm paid into the Court's registry.

**B.  Pursuant to RCW 11.07.010, the Estate of Roger R. Hoose Must Receive the Life Insurance**

RCW 11.07.010 reads in relevant part as follows:

*(1) This section applies to all nonprobate assets, wherever situated, held at the time of entry by a superior court of this state of a decree of dissolution of marriage or a declaration of invalidity.*

*(2)(a) If a marriage is dissolved or invalidated, a provision made prior to that event that relates to the payment or transfer at death of the decedent's interest in a nonprobate asset in favor of or granting an interest or power to the decedent's former spouse is revoked. A provision affected by this section must be interpreted, and the nonprobate asset affected passes, as if the former spouse failed to survive the decedent, having died at the time of entry of the decree of dissolution or declaration of invalidity.*

*....*

*(5) As used in this section, "nonprobate asset" means those rights and interests of a person having beneficial ownership of an asset that pass on the person's death under only the following written instruments or arrangements other than the decedent's will:*

DEFENDANT, ESTATE OF ROGER R. HOOSE'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 5
F:\Clients\G - H\Hoose, Roger R\Probate of Estate W1646\US District Court CV-08-375-EFS - NLW\Pl, Memorandum of Authorities.doc

SCHULTHEIS TABLER WALLACE
P.O. BOX 876    56 C STREET N.W.
EPHRATA, WASHINGTON 98823
TELEPHONE (509) 754-5264
FAX (509) 754-5835

(a) A payable-on-death provision of a life insurance policy, employee benefit plan, annuity or similar contract, or individual retirement account.

(Emphasis added.)

One of Washington's Appellate Courts recently interpreted the plain language of RCW 11.07.010. The Court held that the Legislature meant what it said: beneficiary designations made in favor of a spouse are revoked upon dissolution of a marriage. *Means v. Scharbach*, 103 Wn.App. 498, 505, 12 P.3d 1048 (2000). The Court further noted that this automatic revocation includes beneficiary designations in life insurance policies. *Id*. at 502-05.

Roger Hoose purchased the life insurance policy at issue herein in 1994 and listed his then wife, Defendant Cathleen McCall, as primary beneficiary. Pursuant to RCW 11.07.010(2)(a), on March 16, 1999, when the Thurston County Superior Court entered a decree dissolving the marriage of Roger Hoose and Defendant Cathleen McCall, Roger Hoose's designation of Defendant Cathleen McCall as a beneficiary of his life insurance policy was automatically revoked.

In order to maintain a beneficiary designation in favor of a former spouse after dissolution, the former spouse must be redesignated, in writing, as the beneficiary. *Scharbach, supra*, at 505, 508 12 P.3d 1048. Defendant Cathleen McCall will proffer no evidence that Roger Hoose, following dissolution of her

DEFENDANT, ESTATE OF ROGER R. HOOSE'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 6
F:\Clients\G - H\Hoose, Roger R\Probate of Estate W1646\US District Court CV-08-375-EFS - NLW\Pl, Memorandum of Authorities.doc

SCHULTHEIS TABLER WALLACE
P.O. BOX 876   56 C STREET N.W.
EPHRATA, WASHINGTON 98823
TELEPHONE (509) 754-5264
FAX (509) 754-5835

marriage to Roger R. Hoose, redesignated her as the primary beneficiary of the policy in question. In the absence of such evidence, as a matter of law, the death benefits in question must be paid to the Estate.

## IV.
## CONCLUSION

The Court should grant the Estate's motion for summary judgment and enter an order directing the clerk to pay the funds in question to the Kathy Griffin and Wilma Hoose in their capacity as the co-personal representatives of the Estate of Roger R. Hoose.

DATED this 13th day of January, 2009.

SCHULTHEIS TABLER WALLACE

By: /s/ N. Wallace
Nicholas L. Wallace, WSBA #26157
Attorneys for Defendant, Estate of
Roger R. Hoose
P. O. Box 876
56 C Street N.W.
Ephrata, WA 98823
Phone: (509) 754-5264
FAX: (509) 754-5835
Email: schultab@bentonrea.com

DEFENDANT, ESTATE OF ROGER R. HOOSE'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 7
F:\Clients\G - H\Hoose, Roger R\Probate of Estate W1646\US District Court CV-08-375-EFS - NLW\Pl, Memorandum of Authorities.doc

SCHULTHEIS TABLER WALLACE
P.O. BOX 876    56 C STREET N.W.
EPHRATA, WASHINGTON  98823
TELEPHONE (509) 754-5264
FAX (509) 754-5835

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2009, I electronically filed the foregoing DEFENDANT, ESTATE OF ROGER R. HOOSE'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

stevecronin@mccblaw.com

_/s/ N. Wallace_
Nicholas L. Wallace, WSBA #26157
Attorney for Defendant, Estate of
Roger R. Hoose
SCHULTHEIS TABLER WALLACE
P. O. Box 876
Ephrata, WA 98823
Phone: (509) 754-5264
Fax No. (509) 754-5835
E-mail: schultab@bentonrea.com

DEFENDANT, ESTATE OF ROGER R. HOOSE'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 8
F:\Clients\G - H\Hoose, Roger R\Probate of Estate W1646\US District Court CV-08-375-EFS - NLW\Pl, Memorandum of Authorities.doc

SCHULTHEIS TABLER WALLACE
P.O. BOX 876    56 C STREET N.W.
EPHRATA, WASHINGTON 98823
TELEPHONE (509) 754-5264
FAX (509) 754-5835