UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>      v.<br><br>KATHY GRIFFEN and WILMA HOOSE, Co-Personal Representatives of the ESTATE OF ROGER R. HOOSE, and CATHLEEN M. McCALL,<br><br>              Defendants. | NO. CV-08-375-EFS<br><br>**ORDER GRANTING DEFENDANT ESTATE OF ROGER R. HOOSE'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral arguments, is Defendant Estate of Roger R. Hoose's Motion for Summary Judgment (Ct. Rec. 7), filed January 14, 2009. After reviewing the submitted material[1] and relevant authority, the Court is fully informed and grants Defendant Estate's motion. The reasons for the Court's Order are set forth below.

---

[1]This is an interpleader action where Defendant Estate and *pro se* Defendant Kathleen M. McCall both claim entitlement to a $100,000.00 life insurance policy. Ms. McCall, who is therefore "the opposing party," did not file an opposition memorandum - her response was due on March 27, 2009. (Ct. Rec. 23.)

ORDER * 1

## I. Background[2]

On or about May 30, 1987, Roger R. Hoose married Ms. McCall. Approximately seven (7) years later, Mr. Hoose purchased a $100,000.00 life insurance policy from State Farm. Mr. Hoose named Ms. McCall as the primary beneficiary; he named the Estate as his successor beneficiary.

Mr. Hoose and Ms. McCall divorced in 1999. In October 1999, Thurston County Superior Court entered an Amended Decree of Dissolution awarding Mr. Hoose any and all interest in life insurance policies in his name. After the divorce, Mr. Hoose failed to change the primary beneficiary designation on his life insurance policy to someone other than his ex-wife.

Mr. Hoose died on July 18, 2008. Because both the Estate and Ms. McCall claimed entitlement to the $100,000.00 life insurance policy, Plaintiff State Farm Life Insurance Company commenced this interpleader action.

## II. Discussion

**A. Standard**

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial.

---

[2]Because Ms. McCall failed to file a summary judgment response, the following facts - provided by the Estate - are treated as uncontroverted. *See* LR 56.1(d).

ORDER ~ 2

*Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts. In the language of [Rule 56], the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986) (citations omitted) (emphasis in original opinion).

When considering a motion for summary judgment, a court should not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). This does not mean that a court will accept as true assertions made by the non-moving party that are flatly contradicted by the record. *See Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

**B.   Policy Entitlement**

The Estate argues that it is entitled to the $100,000.00 life insurance policy because Washington law automatically revokes a spouse's designation as a primary life insurance policy beneficiary after divorce. Ms. McCall did not respond.

ORDER * 3

RCW 11.07.010, which governs nonprobate asset ownership after dissolution, states in pertinent part:

> (2)(a) If a marriage . . . is dissolved or invalidated, or a state registered domestic partnership terminated, a provision made prior to that event that reflates to the payment or transfer at death of the decedent's interests in a nonprobate asset in favor of or granting an interest or power to the decedent's former spouse or state registered domestic partner, is revoked. A provision affected by this section must be interpreted, and the nonprobate asset affected passes, as if the former spouse or former state registered domestic partner, failed to survive the decedent, having died at the time of entry of the decree of dissolution or declaration of invalidity or termination of state registered domestic partnership.

RCW 11.07.010(2)(a) (2009). Simply put, Ms. McCall's designation as primary beneficiary on Mr. Hoose's life insurance policy was automatically revoked when they divorced. *See Mearns v. Scharbach*, 103 Wn. App. 498, 505 (2000). The only way Ms. McCall could maintain her status as primary beneficiary is if Mr. Hoose re-designated her as such after Thurston County Superior Court entered the decree of dissolution. *See id.* This did not occur. As a result, the secondary beneficiary - the Estate - is entitled to the life insurance proceeds. *See id.*

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Estate's Motion for Summary Judgment **(Ct. Rec. 7)** is **GRANTED**;

2. **Judgment** shall be entered in Defendant Estate's favor;

3. The District Court Executive is directed to release the previously deposited interpleader funds to Kathy Griffin and Wilma Hoose in their capacity as co-personal representatives for the Estate of Roger R. Hoose;

4. All pending hearing and trial dates are **STRICKEN**; and

ORDER * 4

5. This file shall be **CLOSED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide copies to counsel, the Financial Administrator, and Ms. McCall at the following address:

>     Cathleen McCall
>     363 Griffith Road
>     Diamond Springs, CA 95619

**DATED** this ___30th___ day of March, 2009.

___s/Edward F. Shea___
EDWARD F. SHEA
United States District Judge

Q:\Civil\2008\375.MSJ.wpd

ORDER * 5